## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Agreement") is entered into between ODALYS GARCIA (referred to as "Plaintiff") and MUNCHIES CAFÉ #2, INCand EDUARDO ROQUE (referred to collectively as "Defendants"). MUNCHIES CAFÉ #2, INC. is defined to include any and all related entities, subsidiaries, affiliates, related companies, shareholders, assigns, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities), as well as their heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to MUNCHIES CAFÉ #2, INC.

WHEREAS, Plaintiff has a pending lawsuit against Defendant in the U.S. District Court Southern District of Florida Case No. 15-24373-CIV-MORENO alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 216(b) by failing to pay herovertime wages and;

WHEREAS, Defendants deny all of the allegations made by Plaintiff in the case; and deny that they are subject to any liability,

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation and, instead, desire to set forth in this Agreement, without establishing precedent, the terms and conditions of the settlement of Plaintiff's claims, including the release of any and all claims that she has or could possibly have against Defendants, in exchange for the consideration described herein.

NOW, THEREFORE, in consideration of their mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1. **Consideration.**

In consideration for Plaintiff's agreement to give the release stated in this Agreement, in addition to fulfilling the other promises set forth herein, Defendants agree to provide the following consideration to compensate Plaintiff for alleged unpaid overtime, liquidated damages, attorney's fees and costs:

Defendants will pay to Plaintiff the sum of Seventeen Thousand Dollars ($17,000.00), which Plaintiff accepts in settlement of all claims. The total amount payable to Odalys Garcia is $8,502.88 (half of this amount has been apportioned to unpaid wages and the other half of the total amount has been apportioned to liquidated damages) A form W-2 Shall be issued to Plaintiff for the portion attributable to wages and a form 1099 shall be issued for the portion attributable to liquidated damages. The amount of attorney's fees and costs payable to Remer & Georges-Pierre, LLC is $8,497.12 (Fees in the amount of $6,800 and costs $1,679.12). A 1099 shall be issued to the law firm in the total amount of $8,497.12.

The settlement proceeds shall be paid as follows:

a) Defendants will issue a check to Plaintiff Odalys Garcia $250.09 less applicable taxes and a second check made payable to Odalys Garcia for $250.08 without tax deductions and a third check to Remer & Georges-Pierre, PLLC in the amount of $499.83 within

    30 days of the court approving the settlement and dismissing the case.

b) Within 30 days from the first payment, Defendants will issue a check to Plaintiff Odalys Garcia $250.09 less applicable taxes and a second check made payable to Odalys Garcia for $250.08 without tax deductions and a third check to Remer & Georges-Pierre, PLLC in the amount of $499.83 for 16 consecutive months made within 30 days every subsequent month.

Should Defendants fail to make any of the above outlined payments or if any check is returned for insufficient funds, plaintiff counsel shall send a notice of default via email to defense counsel at ediaz@enadiazlaw.com and to Munchies Café No. 2 by email to Katia Roque (Katiaroque@bellsouth.net) Defendants shall have ten (10) days from the date of the notice of default to cure said default. If Defendants fail to cure the default within the ten (10) day period, Plaintiff shall be entitled to a Default Judgment against all Defendants for the remaining balance that is owed plus $5000 in liquidated damages and attorneys' fees and costs for collections not to exceed $2,500.

Plaintiff agrees that the consideration being provided by Defendants in this Agreement constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligation imposed upon them by virtue of this Agreement.

  2. **No Lawsuits or Claims.**

Plaintiff and Defendants represent and agree that they will not hereafter pursue, initiate, or cause to be instituted against each other, any dispute that is released herein.

Plaintiff further represents that he does not currently have pending before any court or before any federal, state or local agency any dispute of any kind against Defendants, other than the claims herein. If it is determined that Plaintiff has any other lawsuit, charge of discrimination, or other claim pending against Defendants, Plaintiff agrees to dismiss any such claims, with prejudice, immediately upon determining that such charge or claim is pending.

3.   **Mutual Full Waiver and Release of All Claims and Non-Disparagement**

In exchange for the consideration described in this Agreement, Plaintiff and Defendants irrevocably, knowingly, and voluntarily releases, waives, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against each other from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendants concerning her employment, wages, and separation from employment with Defendants.

More specifically, Plaintiff knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Munchies Café No. 2, its' parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former employees, officers, managing members, directors, owners and agents thereof, including Eduardo Roque and Katia Roque, their heirs, predecessors, successors and assigns, of and from any and all claims, known and unknown, asserted and unasserted or that Plaintiff has or may have against the Releasaed

parties, which arise out of or are in any way connected with any loss, damage or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Employee Retirement Income Security Act (ERISA)
- The Age Discrimination in Employment Act; as amended;
- The Older Workers' Benefit Protection Act;
- 42 U.S.C. §1981, 1985 and 1986.
- The Americans with Disabilities Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers Compensation Act;
- Florida Stat. §440.205;
- Chapter 11A of the Miami-Dade County Code;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiff and Defendants also includes any and all disputes they may have

against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledge that they may later discover facts in addition to or different from those which she now knows or believes to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that she assumes the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Plaintiff agrees that this Agreement includes all accidents, occupational diseases and injuries (including but not limited to workplace injuries) sustained while employed by Defendants, whether reported or not. It is Plaintiff's and Defendants' intention to fully, finally and forever resolve and release any and all disputes that they may have or believe they have against each other with respect to any alleged acts occurring before the

effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

**Non-Disparagement**. PLAINTIFF agrees that she will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding Munchies Café No. 2, Eduardo Roque or Katia Roque (owners of Munchies Café No. 2( or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of Munchies Café No. 2, Eduardo Roque and/or Katia Roque.

Eduardo Roque and Katia Roque agree that they will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding PLAINTIFF or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of PLAINTIFF.

### 4. No Future Employment.

Plaintiff agrees that she will never seek employment or reinstatement of her employment with Defendants. Plaintiff also agrees that should she breach this provision of the Agreement in that she seeks reemployment or reinstatement and, thereafter, files any type of administrative or legal action, that such administrative or legal action shall be immediately dismissed with prejudice, that Defendants shall be entitled to an injunction barring such action, and that the prevailing party shall be entitled to recover its attorneys' fees and costs.

### 5. No Admission of Liability or Wrongdoing.

The parties to this Agreement agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or

wrongdoing by Defendants. Indeed, the parties deny that any of them engaged in any wrongdoing of any kind with respect to any other party.

6. **Tax Consequences of Settlement.**

Plaintiff understands and agrees that should the IRS, or any other taxing authority or other federal, state, or local agency assert, argue, or determine that any money received or paid pursuant to this Agreement that was not subject to withholding and/or deductions, is taxable wages, income, or benefits of any kind, Plaintiff will be solely and individually responsible for the payment of any and all taxes, contributions, withholdings, or deductions. Plaintiff's responsibility for such taxes, withholding, contribution and/or deduction includes, but not limited to, the amount of the tax, withholding, contribution and/or deduction as well as any and all penalties, interest, fees, fines, attorneys' fees and costs, related to the amount of taxes, withholding, contribution and/or deduction that should have been paid by Plaintiff. Plaintiff further agrees that she will indemnify, reimburse, and hold Defendants harmless for any and all taxes, contributions, withholdings, deductions, fees, attorneys' fees and costs, interest and/or penalties related to the amount of taxes, withholding, contribution and/or deduction attributable to what should have been paid by Plaintiff.

1. 7. **Confidentiality: Plaintiff** agrees not to disclose any information regarding the existence or substance of this Agreement, except to her spouse, tax advisor, and/or legal counsel with whom she chooses to consult regarding her consideration of this Agreement, and except as otherwise required by law or court order.

2. 8. **Twenty-One Day Consideration Period:** Plaintiff shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing and returning it to Defendants' counsel. During this twenty-one day period and before signing this Agreement, Plaintiff is encouraged to consult with an attorney regarding the terms and provisions of this Agreement. Plaintiff may sign the agreement prior to the conclusion of the twenty-one day period.

3.  **Revocation Period.** Plaintiff shall have seven (7) calendar days from the date that she executes this Agreement to revoke the Agreement by notifying Defendants' counsel in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state, "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to Defendants' counsel via Federal Express or UPS Next Day Air or via facsimile. Defendants' counsel address for providing the revocation notice is as follows: Law Offices of Ena T. Diaz, P.A., Ena T. Diaz, Esq., 999 Ponce De Leon Blvd., Suite 720, Coral Gables, Florida 33134. Ph. 305.377-8828 and Fax: 305-356-1311.

### 8. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against either party.

8. **Entire Agreement; Amendment; Signatures.**

This Agreement and its attachment set forth the entire agreement between the parties and supersede any and all prior agreements or understandings between the parties. This Agreement may not be amended except by a written agreement signed by the parties or signed by their respective administrators, trustees, personal representatives, or successors.

9. **Headings.**

Section headings and subheadings are used in this Agreement for ease of reference only and shall not affect the meaning of any provision of this Agreement.

10. **Disputes.**

In the event that any party to this Agreement institutes legal proceedings for breach of the terms of this Agreement, it is stipulated and agreed that such a claim shall be heard and determined in Miami-Dade County, Florida. Furthermore, in the event that it shall be necessary for any party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorney's fees up through any appeals.

11. **Entire Agreement.**

Plaintiff and Defendants acknowledge that they have carefully read and understand this Agreement and agree that none of the parties have made any representations other than those contained herein. Plaintiff and Defendants also acknowledge that they have entered into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that this Agreement constitutes a **FULL AND ABSOLUTE SETTLEMENT AND BAR AS TO ANY AND ALL CLAIMS** Plaintiff and Defendants had, has, or may have against each other.

12. **Counterparts**

This Agreement may be executed by email attachment or facsimile in several counterparts and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

**THE PARTIES HAVE READ, UNDERSTOOD, AND FULLY CONSIDERED THIS AGREEMENT AND ARE MUTUALLY DESIROUS OF ENTERING INTO SUCH AGREEMENT. THE TERMS OF THIS AGREEMENT**

ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFF AND DEFENDANTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE BENEFITS SET FORTH ABOVE, PLAINTIFF AND DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

Este acuerdo ha sido traducido de Ingles a Español para Odalys Garcia y su firma certifica que el acuerdo fue traducido y que ella entiende los términos del acuerdo. (This Agreement has been translated from English to Spanish for Odalys Garcia. Her signature to this Agreement certifies that the Agreement was translated and that she understands the terms.

WHEREFORE, the parties, intending to be legally bound, execute this Agreement as of this 24 day of February, 2016.

_____
ODALYS GARCIA

_____
MUCHIES CAFE #2, INC.

_____
EDUARD ROQUE